[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2005
THOMAS K. KAHN
CLERK

No. 04-15479
Non-Argument Calendar
_____

Agency No. A78-617-231

LUIS FERNANDO OSORIO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 14, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Luis Fernando Osorio, proceeding <u>pro se</u>, petitions this Court for review of

the Board of Immigration Appeals's ("BIA") denial of his "Motion to Reconsider and to Remand." Because Osorio's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), apply.

After Osorio filed an unsuccessful asylum application and an immigration judge ("IJ") ordered him removed, the BIA affirmed the IJ's decision and dismissed his appeal. Osorio then filed his first "Motion to Remand," which the BIA construed as a motion to reopen his removal proceedings. In that motion, Osorio stated that he had married an American citizen the day before the BIA dismissed his appeal, and that he had "unusual and outstanding circumstances and equities that must be added together to get a clear picture of the hardship if he were deported to Colombia." The BIA construed his motion as a motion to reopen and denied it because Osorio did not submit an Application to Adjust Status as required by the regulations, and he did not submit any evidence to show the bona fides of his marriage. In support of its decision, the BIA cited Matter of Verlarde, 23 I&N Dec. 253 (BIA 2002), in which the Board stated that a motion to reopen for adjustment of status based on a marriage entered into after the commencement of proceedings may be granted at the Board's discretion where, among other things,

2

clear and convincing evidence is presented indicating a strong likelihood the marriage is bona fide.

Next, Osorio filed a "Motion to Reconsider and to Remand," which the BIA construed both as motion to reconsider and as a motion to reopen. Construing Osario's motion as a motion to reconsider, BIA denied Osario's motion because Osario did not demonstrate any error in the Board's earlier decision to deny his motion to reopen based on the record before it then. Construing it as a motion to reopen, the BIA denied Osario's motion because it was an impermissible multiple motion to reopen, Osorio did not demonstrate eligibility for any of the regulatory exceptions to the time and number restrictions on the motions to reopen, and the Board did not find that sua sponte reopening was warranted for any reason. See 8 C.F.R. § 1003.2(c)(2),(3) (2004).

On appeal, Osorio claims that the BIA erred by denying his first and second motions because the Board did not consider that he got married the day before the BIA denied his asylum and related claims. Osorio argues that in order to file a timely motion to reopen within the required 90 days, his counsel had to file his first motion without evidence of the bona fides of his marriage because they were not available to him at the time. He also contends that the BIA abused its discretion by failing to reconsider its earlier decision denying his "Motion to Remand." He

3

claims that along with the "Motion to Reconsider and to Remand" he filed all of the bona fides of the marriage that were available to him, and the BIA should have considered them.

We review a denial of a motion to reopen or a motion for reconsideration for an abuse of discretion. Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1340-41 (11th Cir. 2003), cert. denied 125 S.Ct. 38 (2004). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." See Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (citation omitted). Motions to reopen and to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable [now removable] alien who wishes merely to remain in the United States." See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25 (1992).

In this case, the BIA did not abuse its discretion by denying Osorio's "Motion to Reconsider and to Remand," whether it is construed as a motion to reconsider or as a motion to reopen. "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." Zhao v. United States Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001) (quotation omitted). When the

4

BIA reconsiders one of its prior decisions, "it takes itself back in time and looks at the case as though a decision had never been entered.  Thus, if it grants the motion, the Board considers the case anew as it existed at the time of the original decision."  Id.  The BIA correctly determined that the motion could not succeed as a motion for reconsideration because Osorio did not present persuasive evidence or argument that the BIA committed an error of law or fact in denying his earlier "Motion to Remand" on the record before it.  The "Motion to Remand" did not contain a reference to forthcoming evidence of his marriage or an explanation as to why he did not produce it along with that motion

Except as provided in 8 C.F.R. § 1003.2(c)(3),[1] a party may file only one motion to reopen removal proceedings.  See  8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(6)(A).  The BIA did not abuse its discretion by denying Osorio's

---

[1]     In relevant part, 8 C.F.R. § 1003.2(c)(3) provides:
The time and numerical limitations set forth in  § 1003.2 (c)(2) shall not apply to a motion to reopen proceedings:
> (i) Filed pursuant to the provisions of § 1003.23(b)(4)(iii)(A)(1) or § 1003.23(b)(4)(iii)(A)(2);
> (ii) To apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing;
> (iii) Agreed upon by all parties and jointly filed. Notwithstanding such agreement, the parties may contest the issues in a reopened proceeding; or
> (iv) Filed by the Service in exclusion or deportation proceedings when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum in accordance with § 1208.22(f) of this chapter.

5

motion, construed as a motion to reopen, because Osorio had previously filed a motion to reopen on May 27, 2004.[2] The BIA also correctly found that Osorio failed to establish either of the regulatory exceptions found in 8 C.F.R. § 1003.2(c)(3) to the numerical limitation, since Osorio did not discuss any of the exceptions in his "Motion to Reconsider and to Remand," and none of them apply. Accordingly, the BIA did not abuse its discretion by denying Osorio's August 20, 2004, "Motion to Reconsider and to Remand."

Upon review of the record, and having considered the briefs of the parties, we discern no reversible error. For all of the foregoing reasons, we deny the petition.

**PETITION DENIED.**

---

[2] Even though the BIA's earlier order denying Osorio's first "Motion to Remand" is not before us, the BIA's characterization of that motion as a motion to reopen was reasonable because it had issued a final administrative order in Osorio's case on April 27, 2004, which had not been appealed, and Osorio sought to introduce new evidence, his marriage to a United States citizen, to get relief from removal proceedings. "[I]f a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen. " Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001). In any event, because Osorio failed to challenge the BIA's characterization of his motion as a motion to reopen on appeal, he has waived this issue.